# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| vs. ) | **2:10-cv-03178-AKK** |
| ) | |
| **MAVERICK BANKCSHARES, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Before the court is Defendant James E. Lester's ("Defendant"), in his capacity as Executor of the Estate of Martha Z. Newland (the "Newland Estate"), Motion to Dismiss. Doc. 53. The motion is fully briefed, docs. 59 & 64. For the reasons stated below, the motion is **DENIED**.

### I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) authorizes a motion to dismiss based on the defense that the court lacks personal jurisdiction. "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). If the plaintiff sustains that burden, the "burden shifts to the

defendant to make a *prima facie* evidentiary showing, by affidavits or otherwise, that personal jurisdiction is not present . . . . If the defendant sustains that responsibility, the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint." *Mercantile Capital, LP v. Fed. Transtel, Inc.*, 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). "However, the allegations in the complaint still must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Mercantile Capital*, 195 F. Supp. 2d at 1247 (citing *S & Davis Int'l., Inc. v. Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000)).

## II.  FACTUAL BACKGROUND

Nexity Bank ("Nexity") is an Alabama corporation, with its principle office in Birmingham, Alabama.  Doc. 1, at 2 ¶ 1.  On July 15, 2006, Nexity extended Maverick Bancshares, Inc., ("Maverick") a commercial loan (the "Loan") in the original principal amount of $850,000, and on August 17, 2007, extended a commercial line (the "Line") of credit with the original principle limit of $250,000.  *Id*., at 4 ¶¶ 19-20.  Maverick executed and delivered to Nexity a

Commercial Promissory Note ("Note One") and a Commercial Line of Credit Agreement and Note ("Note Two"). *Id.* Continuing guaranties executed simultaneously with Note One and Two secured the Line and the Loan. *Id.*, at 4 ¶ 21. Maverick defaulted on Note One on September 11, 2009, and on Note Two on September 15, 2009. *Id.*, at 9 ¶ 41 & 10 ¶ 49.

Plaintiff Alostar Bank of Commerce[1] ("Plaintiff") filed suit against Maverick and the Newland Estate because prior to Martha Z. Newland's ("Ms. Newland") death in 2008, she executed two continuing guaranties on behalf of Maverick in the amount of $104,688. *Id.*, at 12. Defendant contends that this court does not have personal jurisdiction over Ms. Newland because she executed the two continuing guaranties in Texas, her state of residence, and neither Ms. Newland nor the Newland Estate made payments on either instrument in Alabama. Doc. 53, at 2 ¶ 4; doc. 64-1. Furthermore, Ms. Newland allegedly owned no property, had no bank accounts, and did not regularly transact business in Alabama. Doc. 53, at 2 ¶ 3; doc. 59, at 2 ¶ 7. Although Plaintiff does not dispute Ms. Newland's limited contact with Alabama, doc. 59, at 2 ¶ 7, nonetheless, Plaintiff maintains jurisdiction is proper in this court.

---

[1] Plaintiff Alostar Bank of Commerce is the successor in interest to Nexity Bank. Doc. 59.

### III.  ANALYSIS

Plaintiff bears the initial burden of alleging facts that establish a *prima facie* case of personal jurisdiction over the Newland Estate, *see Meier*, 288 F.3d at 1268-69, and did so by outlining the basis for jurisdiction in its Complaint, doc. 1. In a nutshell, Plaintiff asserts that jurisdiction is proper because Ms. Newland is a guarantor of an Alabama loan: "As the borrower of an Alabama bank, and as guarantors of the Loans of Maverick under the continuing guaranties, Maverick and the Guarantors are subject to personal jurisdiction of this Court." Doc. 1, at 3 ¶ 18. This showing is sufficient for Plaintiff's initial *prima facie* case. Therefore, the burden shifts to Defendant "to make a *prima facie* evidentiary showing . . . that personal jurisdiction is not present." *See Mercantile Capital, LP,* 193 F. Supp. 2d. at 1247. Defendant meets this burden through the affidavit evidence demonstrating that Ms. Newland had very limited, if any, contact with Alabama. *See* doc. 64-1, at 1. As a result, the burden shifts back to Plaintiff to produce evidence supporting personal jurisdiction over the Newland Estate. 193 F. Supp. 2d at 1247. For the reasons discussed below, the court concludes that Plaintiff has met this burden.

    **A.**    **Alabama has Personal Jurisdiction over the Newland Estate**

"A federal court sitting in diversity may exercise jurisdiction over a

nonresident defendant to the same extent as a court of that state."[2] *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-36 (11th Cir. 2000) (citations omitted). Alabama's long-arm provision, Rule 4.2(b), Ala. R. Civ. P., "extends the personal jurisdiction of Alabama courts to the limit of due process under the United States and Alabama Constitutions." *Hiller Invs. Inc. v. Insultech Group, Inc.*, 957 So. 2d 1111, 1115 (Ala. 2006). Therefore, for the purpose of determining personal jurisdiction, due process guaranteed under the Alabama Constitution is coextensive with that guaranteed under the United States Constitution. *Id*.

The United States Supreme Court has determined that states may exercise "general" or "specific" jurisdiction over non-residents. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 41-415 nn.8 and 9 (1984). A state exercises general jurisdiction when the suit does not arise out of or relate to the defendant's contacts with the forum. *Id*. at 415 n.9. To support general jurisdiction, a defendant's contacts with the forum state must be "continuous and systematic." *Elliott v. Van Kleef*, 830 So. 2d 726, 731-33 (Ala. 2002). By contrast, the state exercises specific jurisdiction when the suit does arise out or

---

[2] This court has subject matter jurisdiction over this action due to diversity jurisdiction. Doc. 1, at 3 ¶ 18.

relate to the defendant's contacts to the forum state. *Id.* at 414 n.8. "[S]pecific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Furthermore, the defendant must have purposefully availed itself of the forum such that it could reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In either case, due process requires that the defendant have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted). In determining whether personal jurisdiction exists over a nonresident, Alabama uses a twofold analysis: "1) the determination of whether it is foreseeable to that nonresident defendant that he will be suit in [Alabama]; and 2) the determination of the degree of contact that the nonresident defendant has with [Alabama]." *Keelean v. Central Bank of the South*, 544 So. 2d 153, 156-57 (Ala. 1989) (overruled on other grounds) (citing *Alabama Waterproofing Co. v. Hanby*, 431 So. 2d 141 (Ala. 1983)).

     Plaintiff acknowledges that Ms. Newland did not have direct contact with Alabama, so the court finds that Plaintiff is alleging specific jurisdiction. *See* doc.

6

59, at 2 ¶ 7.  Specifically, Plaintiff contends that Ms. Newland's execution of the continuing guaranties for an Alabama bank is sufficient contact to confer Alabama jurisdiction over her estate.  Doc. 1, at 3 ¶ 18; doc. 59, at 2 ¶ 7.  Defendant disagrees and cites to *LaSalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F. Supp. 2d 1293, 1297 (S.D. Ala. 2003), a case in which the plaintiff bank ("LaSalle"), an Illinois banking corporation, held a mortgage note made payable by a Virginia limited partnership to a Delaware corporation.  *Id*., at 1295.  The parties secured the original note with real property located in Mobile, Alabama.  *Id.*  Sometime after the execution of the note, Mobile Hotel acquired the note, mortgage, and encumbered property from an assignment.  *Id.*  Defendant Columbus Hotel, a Louisiana company, guaranteed the obligations of Mobile Hotel to LaSalle.  *Id*.

When Mobile Hotel defaulted on the loan, LaSalle filed suit in Alabama against Columbus Hotel seeking to enforce the guaranty agreement.  *Id.*, at 1296.  Columbus Hotel sought to dismiss the lawsuit on the basis that the Alabama court lacked personal jurisdiction over it.  *Id.*, at 1295.  The court agreed and found that it lacked personal jurisdiction because "Columbus Hotel, by signing the guarantee, agreed to make payment to an Illinois company [i.e. LaSalle] . . . . [and] Columbus Hotel is not required by its guaranty to do anything in Alabama upon default." *Id*.,

7

at 1299. The court found that Columbus Hotel's contacts with Alabama did not give rise to the cause of action, that Columbus Hotel did not purposely avail itself of the privileges of conducting activities in Alabama, and that Columbus Hotel could not have reasonably anticipated being haled into an Alabama court. *Id.*, at 1297.

*LaSalle* is distinguishable from the facts here because Ms. Newland guaranteed an obligation to an Alabama company. *See* doc. 1, at 5 ¶ 27, 7 ¶ 35. Unlike Columbus Hotel which was not obligated "to do anything in Alabama upon default," in contrast, here, Ms. Newland "agreed to make payments to an [Alabama] company upon default." *LaSalle*, 274 F. Supp. 2d. at 1299. By executing the continuing guaranties with a company actually located within the forum state, doc. 1, at 5 ¶ 27, Ms. Newland purposefully availed herself of the privilege of doing business in Alabama and could have reasonably anticipated being haled into court here. *LaSalle*, 274 F. Supp. 2d. at 1297.

Indeed this was the precise scenario in *Keelean*, a case in which nonresident guarantors signed guaranties in Florida for a loan from an Alabama bank. 544 So. 2d at 154. In determining personal jurisdiction, the court framed the issues as follows: "[C]an those who guaranteed the loan and received no direct benefits from the loan . . . conceivably have foreseen being haled into an Alabama

court on this debt? Or, does the mere signing of a guaranty, out of state, for performance in state, present the sufficient contact with the State of Alabama necessary for *in personam* jurisdiction?" *Id.*, at 157. The court answered in the affirmative, and held that the signing of the guaranties established sufficient contact to give Alabama personal jurisdiction over the guarantors. *Id.*, at 158. The court stated that because the guarantors guaranteed payment of the debts and liabilities of a Florida corporation that borrowed from an Alabama corporation, the guarantors should have foreseen they would be held accountable on their guaranties in Alabama. *Id.*, at 157. Furthermore, the court found that the signing of the guaranties gave the guarantors "fair warning" that their actions subjected them to Alabama's jurisdiction. *Id.*, at 157-58.

The *Keelan* case essentially resolves the dispute before this court.[3] Similar to *Keelan*, Ms. Newland, a Texas resident, signed continuing guaranties in Texas for a loan from an Alabama bank. *See* doc. 1. This court finds that the guaranty agreement made it foreseeable that Ms. Newland could be subjected to suit in

---

[3] Defendant contends that *Keelan* is distinguishable because "the court's decision rested on the Federal Constitution, not the state law of Alabama." Doc. 64, at 2 ¶ 3. The court disagrees because Alabama's long-arm statute "extends the personal jurisdiction of Alabama courts to the limit of due process under the United States and Alabama Constitutions." *Hiller Invs. Inc.,* 957 So. 2d at 1115. Thus, it is immaterial whether the court's "decision rested on the Federal Constitution," as Defendant contends, or on Alabama state law, because for the purpose of determining personal jurisdiction, the due process limits under Alabama law and the United States Constitution are interchangeable. *See id.*

Alabama.  *Ala. Waterproofing Co.*, 431 So. 2d at 146 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980)) ("[T]he forseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he could reasonably anticipate being haled into court there.").  The actual agreement between Ms. Newland and Nexity Bank clearly made it foreseeable that Ms. Newland could be haled into an Alabama court because the top of the guaranty agreement clearly listed the principle address of Nexity Bank: 3500 Blue Lake Drive, Suite 330; *Birmingham, Alabama*, 35243.  Doc. 59-1, at 1 (emphasis added).  Thus, it defies logic that Ms. Newland would not have expected being haled to an Alabama court in the event of a default.  *See* doc. 59-1.

Finally, applying the reasoning of the *Keelan* court, the court finds that a "clear and firm connection exists between the execution of the promissory note, the subsequent default, the contracts of guaranty, and this litigation," *Keelan,* 544 So. 2d at 157.  Therefore, it was foreseeable to Ms. Newland that a default on the loan between Maverick and Nexity would have consequences in Alabama, and Ms. Newland should have recognized that Nexity would attempt to enforce the continuing guaranties in Alabama.  *See generally id.*

### IV.  CONCLUSION

This court finds that Ms. Newland's execution of the continuing guaranties with an Alabama bank not only made it foreseeable that she would be subject to suit in Alabama, but also established a sufficient contact to confer Alabama personal jurisdiction over the Newland Estate.  Therefore, the motion to dismiss the Newland Estate from this action is **DENIED**.

**DONE** this 8th day of February, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE