FILED
 2012 Oct-03  AM 11:49
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,** ) ) ) Plaintiff, ) ) vs. ) ) **MAVERICK BANCSHARES, INC., et al.,** ) ) ) Defendants. ) | Civil Action Number **2:10-cv-3178-AKK** |

## ORDER AND MEMORANDUM OPINION

Before the court is Plaintiff Alostar Bank of Commerce's ("Alostar") motion for summary judgment against Defendants Larry A. Barnett ("Barnett") and Shahinul I. Choudhury ("Choudhury").[1]  Doc. 45.  For the reasons stated herein, the motion is **GRANTED**.  The court **SETS** an evidentiary hearing at **9:00 a.m. on Thursday, October 25, 2012**, at the United States Courthouse in Birmingham, Alabama, to resolve the judgment amount, attorney's fees, and expenses in favor of Alostar.  In that regard, Alostar is ordered to submit by **Monday, October 22, 2012**, an updated accounting of attorney's fees and expenses it incurred since July 1, 2011, as it relates to Barnett and Choudhury.

---

[1] The motion was also filed against Defendants Russell Tackett and Raymond Sanders, whom the court dismissed on October 12, 2011, doc. 71, and July 24, 2012, doc. 82, respectively.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Maverick Bancshares, Inc. entered into a Promissory Note with Nexity Bank[2] on July 15, 2006, whereby Nexity loaned Maverick $850,000.00 ("Note 1"). Docs. 45-1 at 1-2; 45-2 at 2. That same day, Defendants Larry A. Barnett and Shahinul I. Choudhury[3] executed Guaranty Agreements whereby they each guaranteed up to $79,688 of Maverick's obligations to Nexity, including interest, fees, charges, attorneys fees, and collection costs, as it relates to Note 1. Doc. 45-2 at 10, 12. Note 1 matured on September 11, 2009, at which point Maverick's indebtedness was immediately due and payable. Doc. 45-2 at 2 and 40.

On August 17, 2007, Maverick entered into a Promissory Note with Nexity Bank whereby Nexity extended to Maverick a Commercial Line of Credit Agreement and Note with a principal limit of $250,000.00 ("Note 2"). Docs. 45-1 at 2; 45-2 at 6. That same day, Choudhury executed a Guaranty Agreement whereby he guaranteed up to $25,000.00 of Maverick's obligations to Nexity, including interest, fees, charges, attorneys' fees, and collection costs, as it relates to Note 2. Docs. 45-1 at 2; 45-2 at 21. Note 2 matured on September 15, 2009, at which point Maverick's indebtedness was immediately due and payable. Doc. 45-2 at 7 and 56.

---

[2]Alostar Bank of Commerce ("Alostar") is the successor in interest to Nexity Bank. Doc. 45 at 1; doc. 55.

[3]Shahinul I. Choudhury and Shahan Choudhury are both named in the Complaint, doc. 1, and are the same person, doc. 13. The court refers only to Shahinul I. Choudhury.

Maverick defaulted on Notes 1 and 2, and on November 23, 2009, Nexity notified Barnett and Choudhury and demanded repayment.  Doc. 45-2 at 59, 60, and 61.  When Barnett and Choudhury failed to pay their respective obligations, Nexity filed this lawsuit and motion for summary judgment.  Docs. 1 and 45. Alostar's counsel Ellis Brazeal, III submitted also an affidavit for $24,162.25 in attorneys' fees and $1,697.26 in expenses for the collection of all debts related to Notes 1 and 2.

## II.   ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  *See also Gerling Global Reinsurance Corp. of Am. v. Gallagher*, 267 F.3d 1228, 1233 (11th Cir. 2001).  When the party bearing the burden of proof at trial moves for summary judgment, "'his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'"  *Mitchell v. Globe Life and Accident Ins. Co.*, 548 F. Supp. 2d 1385, 1392 (N.D. Ga. 2007) (quoting *Calderone v. United States*, 799 F.2d 154, 259 (6th Cir. 1986)).  In other words, "[w]here the movant also bears the burden of proof on the claims at trial, it must do more than put the issue into genuine doubt; indeed, [it] must remove genuine doubt from the issue altogether." *Id.* at 1392-93 (citations and quotation marks omitted, alteration in original).

As it relates to Maverick's breach of Notes 1 and 2, "Alabama law provides

that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover a note." *Wells Fargo Bank, N.A. v. Vergos*, No. 11-00439-CB-N, 2012 WL 206169, at *2 (S.D. Ala. Jan. 24, 2012) (citing *Griffin v. Am. Bank*, 628 So. 2d 540, 543 (Ala. 1993) (affirming bank's summary judgment motion where bank presented affidavit testimony of its president and a copy of the promissory note)). Similarly, for the Guaranty Agreements, "'[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty.'" *Sharer v. Bend Millwork Sys., Inc.*, 600 So. 2d 223, 225-26 (Ala. 1992) (quoting *Delro Indus., Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987)). Thus, "'[a] guarantor is bound only to the extent and in the manner stated in the contract of guaranty.'" *Pate v. Merch. Nat'l Bank of Mobile*, 428 So. 2d 37, 39 (Ala. 1983) (quoting *Furst v. Shows*, 110 So. 299, 302 (Ala. 1926)).

In support of its motion, Alostar, as Nexity's successor in interest, provided copies of the Notes and Guaranty Agreements, *see* docs. 45-2 at 2; doc. 45-2 at 6; doc. 45-2 at 10; doc. 45-2 at 12; doc. 45-2 at 21, as well as affidavit testimony from Alostar's Vice President John Natale regarding defaults on payments, *see* doc. 45-1 at 1-4. Neither Barnett nor Chourdhury responded to Alostar's motion for summary judgment. Therefore, in light of the above submissions from Alostar, which are uncontested, Alostar's summary judgment motion is **GRANTED.** *See*

*Brewer v. Purvis*, 816 F. Supp. 1560, 1579 (M.D. Ga. 1993), *aff'd*, 44 F.3d 1008 (11th Cir. 1995).  Alostar is entitled to judgments as a matter of law regarding Barnett and Choudhury's Guarantee Agreements as they relate to Notes 1 and 2. Furthermore, because the Guaranty Agreements Barnett and Choudhury executed state that the "Guarantor may be required to pay collection expenses and costs," docs. 45-2 at 10, 12, and 21; *see also* doc. 45-2 at 3 and 7, Alostar is due also reasonable attorney's fees and costs.

     Done the 3rd day of October, 2012.


                                              **ABDUL K. KALLON**
                                   UNITED STATES DISTRICT JUDGE